781 A.2d 50

IN THE MATTER OF KARL R. LAWNICK,
AN ATTORNEY AT LAW.

October 5, 2001.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 00–228 concluding that **KARL R. LAWNICK** of **PERTH AMBOY,** who was admitted to the bar of this State in 1988, and who has been suspended from the practice of law since August 10, 1998, pursuant to Orders of this Court filed August 10, 1998, April 6, 1999, December 7, 1999, and June 18, 2001, should be suspended from practice for a further period of one year for violating RPC 1.3 (lack of diligence), RPC 1.4 (failure to communicate), RPC 1.15(d) (recordkeeping violations), RPC 5.5(a) (unauthorized practice of law), and RPC 8.1(b) (failure to cooperate with ethics authorities);

And the Disciplinary Review Board further having concluded that prior to reinstatement to practice respondent should be required to (1) complete the Skills and Methods courses offered by the Institute for Continuing Legal Education; (2) submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics, and (3) obtain the approval of the Office of Attorney Ethics of respondent's addiction treatment program;

And the Disciplinary Review Board having determined that on reinstatement to practice, respondent should be required to practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics until the further Order of the Court;

And good cause appearing;

It is ORDERED that **KARL R. LAWNICK** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective immediately; and it is further

ORDERED that prior to reinstatement to practice, respondent shall (1) complete the Skills and Methods courses offered by the Institute for Continuing Legal Education and submit proof of his satisfactory completion thereof to the Office of Attorney Ethics; (2) submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics; and (3) submit proof of his continued participation in an addiction treatment program approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics, until the further Order of the Court; and it is further

ORDERED that respondent shall comply with all requirements of the Court's Orders of August 10, 1998, April 6, 1999, and December 7, 1999; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of his suspension and that respondent continue to comply with *Rule* 1:20–20; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.